No. 43,259

THE STATE OF KANSAS, *Appellee*, v. JOHN E. NESBITT, *Appellant*.

(379 P. 2d 318)

Opinion filed March 2, 1963.

*James E. Woodson*, of Topeka, argued the cause and was on the briefs for the appellant.

*Robert M. Brown*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, and *Sherman A. Parks*, assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the defendant in a criminal action from all orders, judgments and decisions of the trial court and especially from the trial court's order overruling defendant's motion for new trial.

Defendant was charged, under G. S. 1961 Supp., 41-901, with selling alcoholic liquor at retail without first obtaining a state license to sell such liquor. Both parties waived a trial by jury and agreed to submit the case to the court.

The state's evidence consisted of certain stipulations growing out of a number of colloquies had between counsel for the parties, and between them and the trial court, and in condensed form were to the effect that the action was based upon G. S. 1949, 41-1004, which states in pertinent part that the possession of a special tax stamp from the government of the United States authorizing

the sale of alcoholic liquor by a person not licensed under G. S. 1961 Supp., 41-901, shall be prima facie evidence the person holding such special tax stamp is selling alcoholic liquor in violation of our Kansas statute; that the state had no evidence of an actual sale in the case but was relying upon the stipulations; and that the quantity of liquor found on defendant's premises consisted of forty-three fifths and three pints of various named wines, ten and one-half quarts and eleven pints of whisky, and some gin and vodka. The state rested at the conclusion of the stipulations and defendant demurred to the state's evidence which demurrer was overruled. We pause to note that the parties have failed to cite any authority showing that a demurrer is proper in a criminal case and our research has produced none.

The provision of 41-1004 is clear that possession of a special tax stamp of the federal government authorizing the sale of alcoholic liquor is prima facie evidence that the person holding such special tax stamp is selling liquor in violation of the act and such statutory provision cannot be ignored. Since the state by the above stipulations, presented a prima facie case, the trial court did not err in overruling whatever it considered the demurrer to the state's evidence to be.

However, defendant did not rest upon his purported demurrer but had himself called as a witness and testified that he had been in possession of the federal tax stamp for approximately one or two years. When asked why he purchased the stamp, he answered, "Well, I had intentions of selling some liquor." Defendant stated he kept liquor around the premises for parties he had there and also testified:

"Q. This whiskey there is just for your use, is that right, for you to drink alone? A. Well, me and all my friends.

"Q. And you provide the whiskey for all these parties, is that right? A. No, I don't provide it all, *they pay for it*." (Our emphasis.)

Defendant further testified he had parties at his house once or twice a week with ten or twenty people present and the people who were there paid for part of the liquor and beer.

After all the evidence was submitted the trial court found the defendant guilty and pronounced sentence. No question is raised on appeal concerning the sentence.

Defendant asked for and was granted permission to file a motion for new trial wherein he stated (1) the court had wholly ignored

the stipulated evidence setting out that on the day in question no sale of liquor had been made by the defendant; (2) the trial court's judgment was not sustained by sufficient evidence; and (3) the court erred in arbitrarily creating a conclusive presumption of guilt from prima facie evidence. The motion for new trial was overruled. Hence this appeal in which it is specified as error that the trial court erred in refusing to sustain defendant's demurrer to the evidence of the state, which point we have already sufficiently covered herein and need not discuss further; and that the trial court erred in refusing defendant a new trial when the judgment was not sustained by the evidence, and no evidence was introduced by the state. The plain and simple answer to the second contention is that when defendant saw fit to take the stand and testify that he kept wine, whisky, gin and vodka in his home for the benefit of his guests and that he received payment for sale of such alcoholic liquors to such guests, he thereby cured any defect in the state's evidence as to sale.

It is further urged the trial court erred in arbitrarily creating a conclusive presumption of guilt but the record discloses that defendant, in taking the witness stand not only failed to rebut any of the prima facie evidence deduced from the stipulation of the parties but by his own testimony furnished the evidence sufficient to sustain a conviction by the jury.

Finally, it is contended the trial court erred in holding there was a rational connection between the possession or a special tax stamp of the federal government and the sale of liquor sufficient to overcome the statutory presumption of innocence. In this appeal the burden is upon defendant to show that his substantial rights were prejudicially affected but this he has failed to do. Without repeating what has already been stated herein, we think the record, which reflects defendant's own testimony, is sufficient to support the judgment of the trial court.

Judgment affirmed.